FILED
2006 May-15 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PARAGON MANAGEMENT, L.L.C., | } } } |
| Plaintiff, | } } Case No.: 2:06-CV-0487-VEH |
| v. | } } } |
| TERRY SLAUGHTER, et al., | } } |
| Defendants. | } |

## MEMORANDUM OPINION

### I.  BACKGROUND

This is an action for declaratory relief related to a dispute about a commercial real estate agreement and a related sub-lease agreement entered into in March of 2005. (Doc. #26 ¶ 12). Plaintiff Paragon Management, L.L.C. ("Paragon"), brings this case pursuant to the Federal Declaratory Judgment Act (the "Act"). Paragon filed its original complaint (Doc. #1) on March 10, 2006, and its amended complaint (Doc. #26) on April 19, 2006.[1]

The court has before it the following pending motions to dismiss: (i) Doc. #9 filed by Defendants William C. Hulsey, Arlington Properties, L.L.C., and Arlington

---

[1] The substantive allegations of the complaint and amended complaint are identical.

English Village, L.L.C. on March 15, 2006; (ii) Doc. #10 filed by Defendant Arlington Properties, L.L.C. on April 4, 2006; (iii) Doc. #12 filed by Defendants Terry Slaughter, Terrence Denley, Inc., and Slaughter, Hanson & Associates, Inc. on April 6, 2006; (iv) Doc. #13 filed by Defendant Daniel Homes, Inc. on April 6, 2006; and (v) Doc. #28 filed by the United States on April 19, 2006. These motions have been fully briefed, and the court heard oral argument on them during a courtroom hearing on April 21, 2006. The court accepted additional briefing from the parties subsequent to this hearing. For the multiple reasons outlined below, the court finds that the motions are due to be granted.

## II.    LEGAL ANALYSIS

### A.    Subject Matter Jurisdiction Generally

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies."  U.S. Const. Art. III, § 2. Moreover, the court has an ongoing obligation to, *sua sponte*, analyze and determine whether it has before it a justiciable case or controversy. *See Fitzgerald v. Seaboard System R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("We always must investigate questions of subject matter jurisdiction, whether or not they are raised by the parties to the case."). Whether a case or controversy exists turns on "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Wendy's Intern, Inc. v. City of Birmingham*, 868 F.2d 433, 436 (11th Cir. 1989) (quoting *Maryland Casualty Co. v. Pacific Oil Co.*, 312 U.S. 270, 273 (1941)).

As part of its complaint, Paragon has asked this court to declare "the duties and obligations, **if any**, that the parties owe to the IRS with regard to the matters and things set forth above." ( Doc. #26 at 12 § IV.A.) (emphasis added). Paragon asserts that the court has jurisdiction over the proceeding pursuant to "28 U.S.C. §§ 2001, 1331, 1346, and 1367." (Doc. #26 ¶ 3). Defendants challenge the viability of Paragon's complaint on a variety of grounds, including the lack of subject matter jurisdiction.

"A defendant may attack subject matter jurisdiction in two different ways-facially and factually." *McMaster v. U.S.*, 177 F.3d 936, 940 (11th Cir.1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam)). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true . . . .'" 177 F.3d at 940 (citation omitted). On the other hand, " '[f]actual attacks,' . . . challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside

3

the pleadings, such as testimony and affidavits, are considered.'"  *Id.* (citing *Lawrence*, 919 F.2d at 1529 (citation omitted)).  Accepting as true all of Paragon's allegations, the complaint does not survive a facial attack on subject matter jurisdiction.

### 1. Sovereign Immunity

The United States has raised sovereign immunity as a basis for its dismissal. The United States of America, as a sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Waivers of sovereign immunity are to be strictly construed and no exceptions implied. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976).  In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions. *United States v. Mitchell*, 445 U.S. 535, 538-39 (1980).

In *Raulerson v. United States*, 786 F.2d 1090, 1090 (11th Cir. 1985), the Eleventh Circuit dealt with the defense of sovereign immunity in the context of a suit to determine "the priority of claims against the same property by different federal agencies[.]"  Turning to the remedies provided for in 28 U.S.C. § 2410 against the United States, the district court had determined that the United States had waived the

defense of sovereign immunity. 786 F.2d at 1091. The Eleventh Circuit disagreed, vacated the district court's decision on summary judgment, and dismissed the appeal. 786 F.2d at 1090.

Section 2410 addresses civil actions concerning property in which the United States has a lien and provides in pertinent part:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter–
>
> > (1) to quiet title to,
> > (2) to foreclose a mortgage or other lien upon,
> > (3) to partition,
> > (4) to condemn, or
> > (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). Therefore, under § 2410, a party may sue to quiet title to or to foreclose upon property in which the United States holds a tax lien. In such delineated actions, the United States has unequivocally waived its sovereign immunity.

Splitting from the Fifth Circuit, in *Raulerson*, the Eleventh Circuit pointed to prior precedent that "any waiver of sovereign immunity must be explicit and will be

strictly construed." 786 F.2d at 1091 (citing *Florida Dep't. of Business Regulation v. United States*, 768 F.2d 1248, 1253 (11th Cir. 1985) (other citations omitted)). The Eleventh Circuit then determined that the § 2410 waiver of sovereign immunity applied "only in *actual* quiet title actions, not suits analogous to quiet title actions." 786 F.2d at 1091(emphasis in original)). Therefore, faced with an action similar but not entirely the same as an action to quiet title, the Eleventh Circuit was disinclined to extend the explicit waiver of sovereign immunity to the quasi-quiet title case in *Raulerson*.

Similarly, no explicit waiver of sovereign immunity by the United States applies in this case. More specifically, turning to Plaintiff's cited jurisdictional bases, § 2001 involves the sale of realty generally and contains no waiver of sovereign immunity provision. Section 1331 involves federal question jurisdiction and incorporates no waiver of sovereign immunity clause. Section 1346(a)(1) involves tax refund suits against the United States, and is inapplicable because Plaintiff does not seek a tax refund, but rather a declaratory judgment related to potential tax ramifications. The remainder of § 1346 is also inapplicable. Finally, § 1367 establishes supplemental jurisdiction and includes no waiver of sovereign immunity language. Therefore, the United States is due to be dismissed on the basis of sovereign immunity.

**2.    Standing**

As part of the case or controversy analysis, the court must evaluate a party's standing to bring a lawsuit. Standing is a snapshot of the justiciability of a plaintiff's claims at the time of filing. *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Standing requires, at an "irreducible minimum," that the plaintiff has an "actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light*, 68 F.3d at 414. Standing, therefore, emphasizes "whether the party invoking federal court jurisdiction has 'a personal stake in the outcome of the controversy,' and whether the dispute touches upon 'the legal relations of parties having adverse legal interests.'" *Flast v. Cohen*, 392 U.S. 83, 100-101 (1968) (internal citations omitted). If a party lacks standing to bring a lawsuit, then the court lacks subject matter jurisdiction to hear the case, and the litigation is due to be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

As noted above, one of the jurisdictional bases cited by Plaintiff is 28 U.S.C. § 2001. Section 2001 addresses the requirements surrounding the sale of realty "under any order or decree of any court of the United States[.]" Ordinarily, parties who are owners of property encumbered by a federal tax lien have standing to

complain about a judicial sale of property to satisfy a tax debt pursuant to § 2001. *See, e.g., U.S. v. Garcia*, 474 F.2d 1202, 1204-05 (5th Cir. 1973) (explaining taxpayer's objections to judicial sale order under § 2001). In this case, Plaintiff is not an allegedly aggrieved taxpayer, nor is there any allegation about an actual attachment of a federal tax lien to the subject property. Accordingly, Plaintiff has not established the requisite standing under § 2001 for subject matter jurisdiction to exist under that statute.

Similarly, while another jurisdictional basis cited by Plaintiff, 28 U.S.C. § 1346, grants subject matter jurisdiction to federal district courts over suits in which a taxpayer asserts an "erroneously or illegally assessed or collected" tax, in this lawsuit, Plaintiff does not purport to be a taxpayer injured by an improper federal tax, and therefore lacks standing to sue under § 1346.

### 3. Ripeness

Reviewing for ripeness is also one of the relevant inquiries pertaining to subject matter jurisdiction. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir.1989) ("Ripeness is a question of subject matter jurisdiction."). As explained by the Eleventh Circuit in *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir.1997):

> The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes. "The doctrine seeks to avoid entangling courts in the hazards of premature adjudication." *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir.1988); *see also Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967). The ripeness inquiry requires a determination of ( 1 ) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Abbott*, 387 U.S. at 149; *see also Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir.1995). Courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Cheffer*, 55 F.3d at 1524.

*Id.* (parallel citations omitted).

The requirement of ripeness applies equally to cases asserted under the Act. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (finding that the Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense"). *See Wendy's*, 868 F.2d 433 (noting that dispute must have "'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (citation omitted).

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction under the Act over the commercial real estate transactions which Paragon opines may implicate duties and obligations owed to the IRS.   More

9

specifically, Paragon states that "[t]he Defendant, Department of the Treasury - Internal Revenue Service ("IRS" is an agency of the United States Government [] is made a party hereto because it has assessed and recorded liens for 941 taxes that **may** create interests in the contracts and property referenced herein and the presence of the IRS is necessary to fully adjudicate the rights of the Plaintiff and the Defendants in this case." (Doc. #26 ¶ 3 (emphasis added)). The court notes that, regardless of whether the IRS has a legal right to assert an interest, it has not yet done so and indeed may never even decide to do so, which would render moot any of the issues relating to the duties and obligations of the parties owed to the IRS. Also, Paragon's request that the court provide the parties with an advisory opinion as to any potential federal tax implications, when the IRS has only a speculative and unasserted stake in the case,[2] is a waste of judicial resources.

Accordingly, this court determines that the issue of potential federal tax ramifications – the only colorably stated federal question at issue in this case [3]– is not

---

[2]The court uses "unasserted stake" to refer to the absence in the record of any federal claim or interest asserted directly by the IRS.

[3]Paragon also relies upon § 1331 as bestowing the court with federal question jurisdiction. However for jurisdiction to exist under § 1331, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *See Gully. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Moreover, Plaintiff must demonstrate a "genuine and present controversy, not merely a possible or conjectural one[.]" *See Gully*, 299 U.S. at 113.

properly framed and is unfit to present a case or controversy on that basis. Similarly, Paragon has not adequately demonstrated sufficient hardship to the parties that would be caused by the court's withholding a decision on potential federal tax questions. Therefore, Paragon's federal claim is not ripe for adjudication, and is due to be dismissed for lack of subject matter jurisdiction because of this reason, in addition to the lack of Paragon's standing as explained above.

### 4. Supplemental Jurisdiction Under 28 U.S.C. § 1367

Absent the presence of a federal case or controversy due to lack of standing and ripeness, it is inappropriate for the court to exercise supplemental jurisdiction under § 1367 with respect to any claims based upon state law. A district court's exercise of supplemental jurisdiction is proper only when a district court has original federal jurisdiction. 28 U.S.C. § 1367(a); *Tamiami Development Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999) ("[A] district court that has original jurisdiction in a civil action 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'").

---

In the absence of standing and ripeness, Paragon is unable to satisfy this § 1331 standard.

As explained by the Eleventh Circuit in *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1565 (11th Cir. 1994):

> Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.

*Id.* (footnote omitted). Therefore, because the court lacks original federal court jurisdiction, it also lacks supplemental jurisdiction over Paragon's claims based upon state law, and those are also due to be dismissed.

### B.     Other Grounds for Dismissal Exist Under the Act

Even if Paragon had been successful on the issue of sovereign immunity and the other subject matter jurisdiction challenges, the court sees other compelling reasons for dismissing Paragon's lawsuit. The plain language of the Act expressly excludes from its coverage virtually all matters involving federal taxes. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11,. . . .").[4]

---

[4] Section 7428 allows for declaratory relief pertaining only to the status and classification of organizations under limited sections of the Internal Revenue Code. 26 U.S.C. § 7248. The other two tax provisions cited are part of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and are not triggered by the allegations of Paragon's complaint.

Therefore, the relief that Paragon seeks in this litigation is beyond the plainly worded and express permissible scope of the Act.

Furthermore, courts have great discretion in the exercise of jurisdiction under the Act. The Act provides that a court "**may** declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C. § 2201 (emphasis added), and therefore it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952). Therefore, as an alternative basis for dismissing the case, the court would exercise its discretion not "to declare the rights and other legal relations" sought by Paragon, especially in light of the express prohibition against declaring tax rights and obligations and in the absence of any controlling authority holding that such a declaration would be permitted under the Act.

### III. CONCLUSION

Therefore, the court will dismiss Paragon's declaratory judgment action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, the court dismisses Paragon's declaratory judgment action based upon the Act's express prohibition against the review of federal tax issues and its discretionary right to decline to exercise jurisdiction over claims

presented under the Act. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 15th day of May, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge